UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MELANIE LAVON EWELL,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-01642-EJY

**ORDER**

Plaintiff Melanie Lavon Ewell ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding Plaintiff is not disabled under the Social Security Act (the "Act"). ECF No. 8, Administrative Record ("AR") 37. The Court reviewed Plaintiff's Brief (ECF No. 8) and the Commissioner's Response (ECF No. 10). Plaintiff did not file a Reply. The Court finds as follows.

## I. BACKGROUND

Plaintiff filed a Title II application for disability and disability insurance benefits on March 28, 2023. AR 36. The Social Security Administration denied Plaintiff's application initially and upon reconsideration. *Id*. Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ"), which was held on January 13, 2025. *Id*. The ALJ issued his decision finding Plaintiff was not disabled on February 28, 2025. AR 36-49. Plaintiff requested review of the ALJ's decision which was denied by the Appeals Council on July 31, 2025. AR 1-3. Plaintiff now seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if it is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950

F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103) (2019) further citations omitted)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III. ESTABLISHING DISABILITY UNDER THE ACT

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

> Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).
>
> Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

## IV. SUMMARY OF THE ALJ'S DECISION

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2020. AR 39. At step two, the ALJ identified Plaintiff as having the following severe impairments: degenerative disc disease of the lumbar spine, degenerative changes of the right knee, peripheral neuropathy, morbid obesity, depressive disorder, and anxiety disorder. *Id*. The ALJ noted the following non-severe physical impairments: cerebrovascular accident, adrenal mass, pre-diabetes, basal cell carcinoma on scalp, hypertension, irritable bowel syndrome and obstructive sleep apnea. AR 40.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the "listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526)." *Id.* The ALJ then determined Plaintiff retained the residual functional capacity ("RFC") to perform light work except she could lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; frequently balance and stoop and occasionally kneel, crouch and crawl; never work at unprotected heights or around moving mechanical parts; have occasional exposure to humidity, wetness, extreme cold, and extreme heat; perform simple routine tasks with simple work-related decisions; have occasional contact with coworkers and the public. AR 43-44. Although the RFC precluded Plaintiff from performing any past relevant work, the ALJ found she could still perform jobs that exist in significant numbers in the national economy based on her age, education, work experience, and the RFC. AR 48. Thus, the ALJ concluded Plaintiff was not disabled as defined by the Act from her onset date through the date of the ALJ's decision. AR 49.

## V. DISCUSSION

### a. Issue Before the Court.

Plaintiff presents a single issue: whether the ALJ provided clear and convincing reasons for discounting her subjective symptom testimony. ECF No. 8 at 5.

### b. The Court Finds No Reversible Error.

#### *1. The ALJ provided clear and convincing reasons to discount Plaintiff's limitation testimony.*

"Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ "must provide specific, cogent reasons for the disbelief." *Id.* (internal citations and quotations omitted). Specifically, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (internal citations and quotations omitted). If the ALJ's credibility determination

"is supported by substantial evidence in the record, the Court may not engage in second-guessing." *Tony G. v. Kijakazi*, Case No. 2:22-cv-00312-BNW, 2023 WL 4542132, at *3 (D. Nev. July 14, 2023) (citing *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)).

At the outset, the ALJ acknowledged that Plaintiff alleged greater limitations lifting, walking, sitting, climbing stairs, standing, squatting, bending, and kneeling than was provided for in the RFC. AR 44. Here, the ALJ relied on two opinions of state agency medical consultants, Dr. Pirone and Dr. Padmavathy, regarding Plaintiff's ability to lift, carry, stand, and walk. AR 44. Plaintiff argues the ALJ's decision to adopt the limitations stated by the state agency medical consultants constituted an impermissible rejection of Plaintiff's symptom testimony. ECF No. 8 at 8. However, as the Commissioner highlights, in *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008), the Ninth Circuit found no error where the ALJ discounted symptom testimony based, in part, on the opinions of state agency medical consultants. The ALJ found the opinions of Dr. Pirone and Dr. Padmavathy to be persuasive and consistent with Plaintiff's treatment record. AR 44. Thus, the Court finds the ALJ's discounting of Plaintiff's testimony about her limitations sitting, standing, walking and carrying, based on the persuasive consultant opinions to be a permissible rejection of testimony.

In addition, the ALJ considered Plaintiff's relatively conservative treatment record contradicted her allegations of disabling pain. AR 46-47. "A claimant's treatment history is a valid consideration in evaluating subjective symptom testimony." *Gonsalez v. Comm'r of Soc. Sec.*, Case No. 2:23-cv-02721-SCR, 2025 WL 1927544, at *6 (E.D. Cal. July 14, 2025) (citing 20 C.F.R. 404.1529(c)(3)). Here, the ALJ noted that the medical record showed "no overarching treatment plan." AR 46. Although Plaintiff received knee injections in 2022, the ALJ noted there was no evidence in the record showing that she received physical therapy after 2022; nor did her doctors consider surgical intervention. *Id.* Moreover, the ALJ highlighted that although Plaintiff testified she used crutches, a cane, and a wheeled walker, she never received a prescription for these assistive devices and, as recently as March 2024, she displayed a normal gait at a medical appointment. *Id.* Plaintiff highlights that she did receive additional injections in her right knee in 2023; however, "Courts have found that treatment 'consisting of **only** pain medication and infrequent steroid

injections may be considered routine and conservative." *Veronica G. v. Saul*, Case No. CV 20-6416 MRW, 2021 WL 9697685, at *1 (C.D. Cal. June 7, 2021) (emphasis in original) (collecting cases).

Relatedly, Plaintiff argues "to the extent the ALJ meant to assert conservative treatment, the ALJ failed to identify more aggressive treatment options that were available to [Plaintiff] or would be commensurate with her symptom limitation testimony," *citing Lapeirre-Gutt v. Astrue*, 382 Fed.Appx. 662, 664 (9th Cir. 2010) for support. ECF No. 8 at 11. As the District of Nevada previously held, "the rule Plaintiff cites requiring the ALJ to 'identify more aggressive treatment options that would be commensurate with [Plaintiff's] symptom testimony,' is not binding precedent and the Court declines to find error here." *Olayo v. Saul*, Case No. 2:21-cv-00205-EJY, 2021 WL 6063833, at *15 (D. Nev. Dec. 21, 2021); *Steininger v. Colvin*, Case No. SACV 12-01968 (SH), 2013 WL 2417977, at n.6 (C.D. Cal. May 30, 2013). In addition, the Court finds the facts of the present case, in which Plaintiff has undergone injections and physical therapy, to be distinguishable from the circumstances in *Lapeirre-Gutt* in which the plaintiff had undergone cervical fusion surgery to relieve her pain with no success. *Compare* ECF No. 8 at 11 *with Lapeirre-Gutt*, 382 Fed.Appx. at 664. In all, the Court finds the ALJ reasonably discounted Plaintiff's symptom testimony based on her conservative, disjointed treatment. *Gonsalez*, 2025 WL 1927544 at *6 (Upholding the ALJ's finding of contradiction between the plaintiff's alleged disabling pain and her conservative treatment record which reflected "no overarching treatment plan").

The ALJ also found Plaintiff's daily living activities, including her ability to "make protein shakes, cook eggs, or reheat food, do laundry, drive a car, and shop by phone or computer," were inconsistent with her symptom testimony because "these activities require lifting, standing, walking, and other elements of activity." AR 43. Well settled case law establishes that an ALJ may consider daily living activities "to the extent that they contradict claims of a totally debilitating impairment." *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (quotations and citations omitted). Plaintiff argues the daily living activities cited by the ALJ were not, in fact, inconsistent with her alleged symptom testimony. ECF No. 8 at 12. However, at best, Plaintiff is offering a different interpretation of the evidence in the record, which is not a basis for the Court to disturb the ALJ's decision. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("Where evidence is susceptible to more

than one rational interpretation, the ALJ's decision should be upheld.") (citations and quotations omitted). Altogether, the Court finds the ALJ's decision to discount Plaintiff's limitation symptom testimony rests on clear and convincing reasons in the record.

*2. Plaintiff does not otherwise show reversible error.*

As stated above, the Court may not reverse an ALJ's decision based on a harmless error. *Burch*, 400 F.3d at 679. An ALJ's error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (collecting cases) (citations and quotations omitted). Plaintiff argues that the ALJ misstated her testimony in his written decision because the ALJ summarized her testimony to say she could not stand or walk for five minutes; however, Plaintiff actually testified that she could stand unassisted for five minutes and walk only short distances. ECF No. 8 at 8 (citing AR 74; 77). Nevertheless, Plaintiff does not show how this mischaracterization of testimony was harmful given the ALJ ultimately crafted the RFC to state Plaintiff could walk and stand for four hours out of an eight hour workday. AR 43; *see Draiman v. Berryhill*, Case No. CV 17-747-KS, 2018 WL 895445, at *2 (C.D. Cal. Feb. 13, 2018) ("An ALJ's misstatement of the record, for example, is harmless error if it did not materially impact the ALJ's decision.").

Plaintiff further argues the ALJ's decision is internally inconsistent because he "assessed [Plaintiff's] peripheral neuropathy as more severe than the [state agency medical] consultants did yet inexplicably adopted the same functional limitation they assessed." ECF No. 8 at 9. Plaintiff does not demonstrate inconsistency. Courts recognize that "even impairments deemed severe do not, as a matter of course, necessarily result in RFC limitations." *Brave v. Colvin*, Case No. C13-0475-RSM, 2013 WL 6490805, at *4 (W.D. Wash. Dec. 10, 2013). That the ALJ and the state agency medical consultants reached different conclusions at step two, the *de minimis* screening step, does not preclude the ALJ from considering the consultants' findings during the RFC. To the extent Plaintiff is challenging the limitations proposed in the RFC, she does not show reversible error. The RFC was based not only on Plaintiff's neuropathy, primarily "over her right lower extremities," but also her degenerative disc disease of the lumbar spine and degenerative changes of the right knee. AR 44-45. Accordingly, the Court finds no basis to reverse the ALJ's decision.

## VI. ORDER

IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court must close this case and enter judgment accordingly.

DATED this 15th day of July 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE